UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

OSCAR MARTIN, YANAPHIS
MORENO, MAXIM SHKOLNIK,
individually and on behalf of all
others similarly situated,

  Plaintiffs,

vs.

COASTAL TRUCKING INSURANCE
LLC, a Florida limited liability company,

  Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

  Plaintiffs, OSCAR MARTIN ("Martin"), YANAPHIS MORENO ("Moreno") and MAXIM SHKOLNIK ("Shkolnik") (collectively referred to as "Plaintiffs"), individually and on behalf of all others similarly situated, by and through undersigned counsel, sue Defendant, COASTAL TRUCKING INSURANCE LLC ("Coastal" or "Defendant") and for their causes of action, declare and aver as follows:

## INTRODUCTION

  1. Plaintiffs bring this action for declaratory and injunctive relief, as well as to recover from Defendant unpaid wages, including statutory minimum wages and overtime compensation, liquidated damages, costs, and reasonable attorneys' fees, under the provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA") and specifically under 29 U.S.C. § 216(b).

  2. Martin is a United States citizen, a resident of Florida, and otherwise within the jurisdiction of this Court.

  3. Moreno is a United States citizen, a resident of Florida, and otherwise within the

jurisdiction of this Court.

4. Shkolnik is a United States citizen, a resident of Florida, and otherwise within the jurisdiction of this Court.

5. Coastal is a Florida limited liability company, doing business in Florida, and otherwise within the jurisdiction of this Court.

6. Subject matter jurisdiction is conferred on this Court by 28 U.S.C. §1331 and 29 U.S.C. § 216(b).

7. Venue is appropriate in the Southern District, pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to the claim occurred in the Southern District, Plaintiffs reside in the Southern District and Defendant operates in the Southern District.

8. Coastal is an independent insurance agency, specializing in commercial truck insurance, doing business in Florida, Georgia, Alabama, and, upon information and belief, at least twenty-two (22) other states nationwide. Coastal formerly employed Plaintiffs as agents at their respective branches. In this role, Martin worked as a W-2 employee for Coastal for approximately eighteen (18) months in 2022-23, from January 2022 through June 2023, Moreno worked for Coastal as an independent contractor for approximately three (3) months in 2023, from June 19 to September 21, and Shkolnik worked as an independent contractor in 2023 for approximately four (4) months, from April 12 to September 28.

9. Defendant hired Martin on or about January 12, 2022 as an employee.

10. Defendant hired Moreno on or about June 19, 2023 as an independent contractor.

11. Defendant hired Shkolnik on or about April 12, 2023 as an independent contractor.

12. Plaintiffs Moreno and Shkolnik were not Defendant's independent contractors; Plaintiffs Moreno and Shkolnik were employees as defined by the FLSA.

13. Plaintiffs were required to use Defendant's offices to perform their assigned tasks.

14. Plaintiffs used Defendant's equipment to perform their job functions.

15. Defendant told Plaintiffs what work needed to be done and when to complete it.

16. Plaintiffs relied on Defendant for their daily work tasks just like any other employee.

17. Plaintiffs' duties included reviewing documents and completing projects at Defendant's direction.

18. Plaintiffs did not supervise employees.

19. Plaintiffs did not set employee schedules.

20. Plaintiffs did not have the authority to hire or fire employees.

21. Plaintiffs did not have the authority to set rates of pay.

22. Plaintiffs did not implement company policies or procedures.

23. Plaintiffs did not have the authority to discipline employees.

24. Plaintiffs did not exercise independent judgment.

25. Plaintiffs regularly worked in excess of forty (40) hours per week every week.

26. For FLSA purposes, and in the position of sales agents, Coastal expressly classified Martin, Moreno and Shkolnik as non-exempt.

27. Upon information and belief, for FLSA purposes, Coastal classifies all its staff, officers, nationwide, as non-exempt who are sales agents.

28. At all times material hereto, Coastal was, and continues to be, engaged in interstate commerce as defined by the FLSA.

29. At all times material hereto, during their employment, Plaintiffs each were engaged in interstate commerce, as were all other similarly situated employees, nationwide.

30. At all times material hereto, Plaintiffs performed the essential functions of their jobs in a professional and competent manner.

31. While employed by Defendant, Plaintiffs were non-exempt employees as that term is defined by the FLSA.

32. Plaintiffs Moreno and Shkolnik had the identical job duties and responsibilities as Plaintiff Martin and yet were wrongly classified as contractors instead of employees.

33. Defendant fraudulently issued Plaintiffs Moreno and Shkolnik 1099s instead of W-2s.

34. As a result of not being W-2 employees, Plaintiffs Moreno and Shkolnik did not receive benefits they were otherwise entitled to, including but not limited to, the following: health insurance; disability insurance; dental insurance; holiday pay; vacation pay; sick pay; matching retirement contributions, and; contributions toward their pension.

35. Plaintiffs Moreno and Shkolnik was required to pay for their own professional credentials, including their professional licenses, for which all W-2 employees were reimbursed but they were not.

36. The additional persons who may become plaintiffs in this action, and who Plaintiffs believe are entitled to notification of the pendency of this action, and of their right to opt-in to this action, are current and former sales agents of Coastal, nationwide, as all were subject to the pay policy described herein. *See infra.*

37. Plaintiffs have exhausted all administrative remedies, if any, for this action and all conditions precedent to the filing of this action have been fulfilled and met by Plaintiffs or waived by Defendant.

38. Plaintiffs have retained the undersigned law firm to represent them in this matter and have agreed to pay said firm a reasonable attorney's fee for its services.

# DEFENDANT FAILED TO PAY ITS SALES AGENTS STATUTORY MINIMUM WAGES FINALLY AND UNCONDITIONALLY DURING THEIR EMPLOYMENT

39. The FLSA mandates Coastal pay each of its non-exempt sales agents a statutory minimum hourly wage.

40. The FLSA further requires Coastal pay each of its non-exempt sales agents the statutory minimum hourly wage *finally* and *unconditionally* or "free and clear."

41. At all times material hereto, Coastal created and maintained a written pay policy and scheme applicable to all its non-exempt sales agents (the "Pay Policy").

42. The Pay Policy required the sales agents' written agreement – at times before they even commenced work -- to the Pay Policy, which *at the same time*, both *"guarantees"* the payment to sales agents of certain minimal income for the three (3) years of the sales agent's employment if they were labeled as an "employee" or for the first thirty-six (36) months if they were classified as an "independent contractor", but makes same *"conditional"* by requiring the sales agents to refund the income to Coastal upon separation of their employment – for any reason – if the sales agent's employment otherwise ceases prior to the first anniversary of the start date of employment for independent contractors or at any point if the employee generated less revenue that he or she was "advanced":

> **Independent Contractor Compensation: Any advancement of commission, if any, by the Agency to the Independent Contractor will be owed in full to the Agency within 30 days of separation if the advancement exceeds commission earned by agent and labeled as compensation. If an advancement is provided against commissions to the Independent Contractor, and the arrangement does not meet twelve months, any outstanding advancement will be owed back as outlined in this agreement along with a ten percent penalty.**
>
> **Employee Compensation: Employee shall be paid an advanced salary of $40000 per year, payable in equal biweekly installments minus all applicable withholdings. Base salary will be based on all accrued commission minus the**

**monthly advancement…**

43. Conditioning the advance of "minimal income" to the sales agents on their agreement to refund the *entire* advance (less any actual earned commissions during this period of their employment, *if any*) – after the separation of their employment if the sales agent's employment ceases before their one (1) year anniversary date for independent contractors and allegedly in perpetuity for employees -- violates the FLSA by holding sales agents liable, post-termination, for the advance of the entire "minimal income."

44. Under the Pay Policy, Plaintiffs and all other similarly situated sales agents, potentially are liable for thousands of dollars if they voluntarily or Coastal involuntarily terminates their employment prior to their one (1) year anniversary date for independent contractors and allegedly in perpetuity for employees; under such circumstances, Defendant's pay policy and scheme therefore violates the FLSA, as Defendant failed to pay the sales agents the statutory minimum wage finally and unconditionally, or "free and clear."

45. On behalf of all the workers misclassified by Defendant as contractors, if those workers are terminated before training is complete, they are not paid anything for their time since they never had an opportunity to earn commissions.

46. Defendant has sued workers to recover these funds and, in fact, are currently suing Plaintiffs to recover these funds, which, if paid back, would mean Plaintiffs would not recover their wages (or minimum wages).

**DEFENDANT FAILED TO PAY ITS SALES AGENTS FOR ALL HOURS "OFF-THE-CLOCK" DURING THE ENTIRETY OF THEIR EMPLOYMENT, CREATING UNPAID OVERTIME COMPENSATION LIABILITY**

47. Additionally, and at all times pertinent to this Complaint, Coastal violated the FLSA's maximum hours (overtime compensation) provisions in that Plaintiffs, and all current and

former non-exempt sales agents, while working for Coastal as such, performed "off the clock" hours of service for Coastal, resulting in hours worked more than forty (40) during one or more workweeks, for which Coastal failed to properly pay overtime premiums.

48. In the course of their employment with Coastal, Plaintiffs, and other current and former non-exempt sales agents similarly situated, worked more than forty (40) hours per week, for the benefit of Coastal and with Coastal's knowledge (actual and/or constructive), but were not paid overtime premiums for these hours. Instead, Coastal's President and managers created an environment in which the sales agents were expected to record only forty (40) hours as their time worked each week, notwithstanding the *actual* hours worked.

49. The pay practices of Coastal, as described in the above, violated the FLSA by failing to properly pay overtime premiums to Plaintiffs and those other current and former non-exempt sales agents similarly situated, for those hours worked more than forty (40).

50. During the three (3) years preceding the filing of this lawsuit, Coastal employed, and continues to employ, individuals similarly situated to Plaintiffs (*i.e.* non-exempt sales agents) throughout the entire United States.

51. During the three (3) years preceding the filing of this lawsuit, Coastal knew or had reason to know Plaintiffs and those current and former non-exempt sales agents similarly situated, worked hours, including in excess of forty (40), during one or more workweeks, for which Coastal failed to properly pay overtime premiums.

52. Each improperly paid non-exempt sales agent similarly situated, who performed and/or continues to perform services for Coastal, during one or more workweeks within the three

(3) year period preceding the filing of this lawsuit and since, is entitled to notification of the pendency of this action and of his/her right to consent to becoming a party to this action.

53. Plaintiffs shall timely seek this Court's permission to provide notice to all current and former non-exempt sales agents similarly situated who work or worked for Coastal during any payroll period within three (3) years from the date of filing of this lawsuit, in all states nationwide in which Coastal does business.

### COUNT I – VIOLATION OF THE FLSA'S STATUTORY MINIMUM WAGE PROVISIONS – PLAINTIFFS AND ALL OTHERS SIMILARLY SITUATED

54. Plaintiffs reaver and reallege all allegations contained in paragraphs 1 through 38 above as if fully set forth herein.

55. Plaintiffs, and all others similarly situated, are entitled to declaratory and injunctive relief, along with monetary damages, for Defendant's willful violation of the FLSA's statutory minimum wage provisions. Under Defendant's Pay Policy, Plaintiffs and all other similarly situated non-exempt sales agents, potentially are liable for thousands of dollars if they voluntarily or Coastal involuntarily terminates their employment prior to their one (1) year anniversary date for independent contractors or allegedly in perpetuity for employees; under such circumstances, the Pay Policy violates the FLSA, as Defendant failed to pay the non-exempt sale agents the statutory minimum wage finally and unconditionally, or "free and clear."

56. By reason of the willful and unlawful acts of Coastal, Plaintiffs and all others similarly situated have suffered damages.

57. As a result of Coastal's violation of the Act, Plaintiffs and all others similarly situated are entitled to liquidated damages in an amount equal to that which they are owed as unpaid statutory minimum wages.

WHEREFORE, Plaintiffs and those similarly situated, who have or will opt-in to this action, demand judgment against Coastal for the statutory minimum wages due them, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other relief the Court deems just and proper, including a declaration the Pay Policy violates the FLSA and injunctive relief prohibiting Defendant from maintaining the Pay Policy going forward.

## COUNT II – VIOLATION OF THE FLSA'S MAXIMUM HOURS (OVERTIME COMPENSATION) PROVISIONS – PLAINTIFFS AND ALL OTHERS SIMILARLY SITUATED

58. Plaintiffs reaver and reallege all allegations contained in paragraphs 1 through 38 above as if fully set forth herein.

59. Plaintiffs and those similarly situated are entitled to be paid an overtime premium for each hour worked more than forty (40) per workweek and to have such overtime calculated in accordance with Federal Regulations, to include commission/bonus payments earned in the appropriate workweek in the calculation of the regular rate for the purposes of determining overtime entitlement.

60. By reason of the willful and unlawful acts of Coastal, Plaintiffs and those similarly situated have suffered damages.

61. As a result of Coastal's violation of the Act, Plaintiffs and those similarly situated are entitled to liquidated damages in an amount equal to that which they are owed as unpaid overtime.

WHEREFORE, Plaintiffs and those similarly situated, who have or will opt-in to this action, demand judgment against Coastal for the overtime wages due them for the hours worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other relief the Court deems just and proper.

## COUNT III - VIOLATION OF 26 U.S.C. Sec. 7434
**(MORENO and SHKOLNIK)**

62. Plaintiffs Moreno and Shkolnik reaver and reallege all allegations contained in paragraphs 1 through 38 above as if fully set forth herein.

63. Defendant violated 26 U.S.C. Sec. 7434 by willfully filing fraudulent information returns.

64. Defendant issued Plaintiffs Moreno and Shkolnik 1099s.

65. Defendant did not issue Plaintiffs Moreno and Shkolnik any W-2s.

66. Defendant was supposed to issue Plaintiffs Moreno and Shkolnik W-2s since their employment began in 2023.

67. Plaintiffs are entitled to damages for the harm causes by Defendant's violation of this statute.

68. As a direct and proximate result of Defendant's acts, Plaintiffs Moreno and Shkolnik suffered and continue to suffer damages.

69. Pursuant to 26 U.S.C. Sec. 7434(d), a copy of this Complaint was served on the U.S. Internal Revenue Service, 1700 Palm Beach Lakes Blvd., West Palm Beach, FL 33401.

WHEREFORE, Plaintiffs pray that judgment be entered in their favor and against Defendant as follows: Plaintiffs be awarded general and compensatory damages, liquidated damages, prejudgment interest; that Plaintiffs be awarded reasonable attorneys' fees and costs of suit Civ. P. 57; Plaintiffs be awarded actual damages or a minimum of $5,000.00 penalty (whichever is greater) pursuant to 26 U.S.C. § 7434(b); and that Plaintiffs be awarded other and further relief as the Court deems just and proper.

**PLAINTIFFS DEMAND TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

Respectfully submitted this <u>16th</u> day of July 2024.

> */s Allison B. Duffie*
> Allison B. Duffie, Esq.
> Fla. Bar No. 649902
> allison@duffie.law
> DUFFIE LAW, PLLC
> 2234 North Federal Highway
> Suite 1196
> Boca Raton, Florida 33431
> Tel: 561.440.1196